Rex, J.
Did the Court of Common Pleas err in excluding the testimony offered by the plaintiff in error ?
The facts stated in defense No. 2 of the answer, would, in our opinion, if clearly proven, constitute a good and sufficient defense to the right of recovery claimed in the petition.
Defense No. 2 concedes that the line agreed upon was not the true line, and that the true line was a certain fixed line known to the parties, about the location of which there could be no dispute, though it was never actually run aud established. In this respect this case differs essentially from the facts upon which the opinion was based in McAfferty et al. v. Conover’s Lessee, 7 Ohio St. 99. In that case the true lines and corners were fixed and certain, and the lines and corners sought to be established, were made by mistake, and not by agreement of adjoining landowners, and hence the court, in deciding that case, say, “ that the acts of the parties in making such mistake, and the declarations or admissions induced by such mistake, and the fencing of both parties in accordance with such *122 mistake, do not operate in the nature of an estoppel in pais, to forfeit the estate.”
Under the state of facts set out in defense No. 2, we hold the principle to be well settled that an agreement upon a division line between adjoining land-owners, different from the true line, the true line being a certain, and not a disputed line, and acquiescence by all the parties in such agreed line, for a length of time that would bar a right of entry under the statute of limitations in relation to real estate, would operate to prevent a party purchasing from one of such owners, with notice of the agreed line, from setting up a claim to any line other than that agreed upon, although the occupancy had not been such as, aside from the marking of the agreed line, would amount to a continuous possession of the entire premises up to the agreed line, for the whole time. Faught v. Holway, 50 Maine, 24; Adams v. Rockwell, 16 Wend. 285.
In Hagey v. Detweiler, 35 Penn. St., the court held: “A boundary line between adjoining proprietors which can be clearly traced, may be altered by the acts and agreements of the parties, and a purchaser from one of them, with notice, will be bound by such agreed line.”
In this case the court also held : “ The fixing of a boundary line by parol is not within the operation of the statute of frauds; no estate is thereby created. But where the boundary line is fixed by the parties, they hold up to it, by virtue of their titlerdeeds, and not by virtue of the parol transfer.”
The principle settled in this case is not in conflict with the principle settled in McAfferty et al. v. Conover’s Lessee, above cited.
As this disposes of the principal question made and discussed by counsel in the case, it is not deemed necessary to notice the question presented by the first assignment of error, further than to say that the point made by the exception to the ruling of the court rendering the judgment for costs, was not well taken ; the rendering of a judgment for costs, against the party asking and obtaining leave to *123 amend, is a matter resting entirely in the discretion of the court, and not reviewable on error.
The judgment of the Court of Common Pleas rendered after the amendment of the answer, is reversed, and the-cause remanded for further proceedings.
Day, C. J., and Welch, J., concurred.